Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS APC
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CraftShack, Inc., a Delaware Corporation;<br><br>Plaintiff,<br><br>v.<br><br>Critical Telephone Applications, Inc. d/b/a "BottleCapps," a Texas Corporation; Robert Burns Liquor, Inc., a California Corporation; and DOES 1-10,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br>Jury Trial Demanded |

CraftShack, Inc. hereby prays to this Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. CraftShack is a Delaware corporation.

5. Upon information and belief, Defendant Critical Telephone Applications, Inc. d/b/a "BottleCapps" ("BottleCapps") is a Texas corporation with its principal place of business located at 400 East Royal Lane, Suite 209, Irving, TX 75039.

6. Upon information and belief, Defendant Robert Burns, Inc. is a California corporation with its principal place of business located at 157 North Robertson Boulevard, Beverly Hills, CA 90211.

7. At all relevant times, BottleCapps has maintained a service partner retail liquor store relationship with Robert Burns regarding Defendants' Website at issue in this case. BottleCapps and Robert Burns collectively own, operate, and/or control the commercial website robertburnswine.com and its related/affiliated subdomains, mobile websites, and applications (collectively, "Defendants' Website"). The "Terms & Conditions" for Defendants' Website specifically address residents of California.

8. Upon information and belief, Defendants DOES 1-10 ("DOE Defendants") (collectively with BottleCapps and Robert Burns, "Defendants") are other parties not yet identified who have infringed Plaintiff's copyrights. The true names, whether corporate, individual, or otherwise, of DOE Defendants are presently unknown to Plaintiff, which therefore sues said DOE Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9. Upon information and belief, Plaintiff alleges that each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego,

and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## DEFENDANTS' UNAUTHORIZED EXPLOITATION OF THE SUBJECT PHOTOGRAPHS

10. CraftShack operates an online craft beer marketplace which ships mostly small and family-owned beer and liquor directly to customers. As part of its business, CraftShack has created a series of hundreds of original photos to "standardize" the professional display of the products it sells on its website. This is important because, while many of the manufacturers of those products offer promotional photos of their products, those photos are often incohesive—e.g., shot with/from different angles, backgrounds, lighting, etc. By creating a homogenous and stylized collection of product photos, CraftShack has created immense value for itself and its customers. Indeed, due to the demand for CraftShack's work, CraftShack has created a secondary business of offering licenses for the use its original photos. CraftShack's website displays hundreds of its original photographs used to promote the sale of beer and liquor products, and maintaining exclusivity of use of those high-quality proprietary photos for only CraftShack and its authorized licensees is crucial to CraftShack's business.

11. CraftShack took and owns 20 original photographs registered with the U.S. Copyright Office (collectively, the "Subject Photographs"). Copies of the Subject Photographs, along with their titles and registration numbers, are set forth in **Exhibit 1**.

12. Following the publication and display of the Subject Photographs, Defendants copied, stored, distributed, displayed, and/or otherwise exploited the Subject Photographs for commercial purposes on Defendants' Website without

CraftShack's permission (the "Accused Posts"). Copies of screen captures of the Accused Posts are set forth in **Exhibit 2**.

### FIRST CLAIM FOR RELIEF

**(For Copyright Infringement – Against All Defendants, and Each)**

13. Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

14. Upon information and belief, Defendants had access to the Subject Photographs, including through Plaintiff's website and social media accounts, or viewing the Subject Photographs on third-party websites or Internet search engines.

15. Upon information and belief, Defendants copied, stored, distributed, displayed, and/or otherwise exploited the Subject Photographs on Defendants' Website without Plaintiff's permission.

16. Due to Defendants' acts of copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

17. Due to Defendants' acts of copyright infringement, Defendants have obtained profits they would not have realized but for their infringement of Plaintiff's copyrights in the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants' profits attributable to the infringement of Plaintiff's copyrights in the Subject Photographs in an amount to be established at trial.

18. Upon information and belief, Defendants committed copyright infringement with actual or constructive knowledge of, or in reckless disregard or willful blindness for, Plaintiff's copyrights in the Subject Photographs, such that said acts of copyright infringement were willful.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants, each of them, their respective agents, and anyone working in concert with Defendants and/or their agents, be enjoined

from using the Subject Photographs in a manner that infringes Plaintiff's copyrights in the same;

b. That Plaintiff be awarded all Defendants' profits, plus all Plaintiff's losses, attributable to Defendants' infringement of Plaintiff's copyrights in the Subject Photographs, the exact sum to be proven at trial; or alternatively, if elected, statutory damages under 17 U.S.C. § 504;

c. That Plaintiff be awarded its costs and fees under 17 U.S.C. § 505;

d. That Plaintiff be awarded pre-judgment interest as allowed; and

e. That Plaintiff be awarded such further relief as this Court finds proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: January 18, 2024

DONIGER / BURROUGHS

By: */s/ Stephen M. Doniger*
Stephen M. Doniger, Esq.
Benjamin F. Tookey, Esq.
*Attorneys for Plaintiff*